**COLLINGE**

**v.**

**UNITED STATES.**

Civ. No. 5222.

United States District Court,
W. D. New York.

March 25, 1954.

Richard M. Halsey, Rochester, N. Y., for plaintiff.

John O. Henderson, U. S. Atty., Buffalo, N. Y., for defendant, Austin J. Donovan, Asst. U. S. Atty., Rochester, N. Y., of counsel.

BURKE, District Judge.

1. Richard Colling was confined in the Federal Correctional Institution at Englewood, Colorado in February, 1950. On that date and on May 5, 1950, when he was injured, he was 17 years old.

2. He requested work in the woodworking shop in the institution and was assigned to the woodworking shop as one of a class to learn woodworking.

3. He was first assigned to jobs on woodworking with hand tools and thereafter was instructed in the use of machine tools in the woodworking shop, including the guards on such machinery and the purpose of said guards. He had been in the woodworking shop 3 weeks before he started working on machines. He had been working on machines 3 or 4 days prior to May 5, 1950.

4. During the working hours on the morning of May 5, 1950, he injured the second finger of his right hand on a joiner machine. He went to the hospital on the premises where his finger was bandaged. In the afternoon he returned to work in the woodworking shop. The foreman or instructor, a government employee, knew of the injury to his finger in the morning.

5. He was directed by the instructor in the afternoon to operate a combination buzz saw and joiner. He had worked on this machine about 3 or 4 days on occasions prior to May 5, 1950.

6. On this machine the buzz saw and joiner operate on a single motor. Both the buzz saw and joiner are in simultaneous motion when the machine is operating. Just prior to the moment this accident happened he was working on the joiner part of the machine and the buzz saw was revolving.

7. There was a manually operated guard for the buzz saw and a crank to lower the buzz saw below the table top.

8. The accepted method from a safety standpoint in the woodworking trade is to lower the manual guard over the buzz saw or crank the buzz saw below the table top, when the joiner part of the machine is being used.

9. This accident happened when Collinge was attempting to turn off the switch of the machine. He sustained injuries to the fourth and fifth fingers of his left hand.

10. The location of the button which operates the switch is on the right side of the machine as one stands facing the machine when he is operating the joiner. In that position the buzz saw is directly ahead of the operator. The switch button is 6″ or 8″ down from the table top and underneath the right side of the table top which projects out from the body of the machine. It is about 6″ or 8″ down and from 4″ to 5″ back under the table top. From the point directly above the switch button on the edge of the table top to the nearest part of the buzz saw is from 20″ to 24″.

11. There was no negligence on the part of the defendant or its employees.

■■ 12. Richard Collinge was negligent in operating the joiner part of the machine without having lowered the buzz saw or putting the guard in position over the buzz saw. He was also negligent in getting his left hand anywhere

near the operating buzz saw in pushing the switch button to turn the machine off. In view of the distance of the push button from the buzz saw there was no necessity of getting his hand near the buzz saw. The accident was due solely to his own carelessness in the operation of the machine.

Conclusion of Law.

1. The defendant is entitled to judgment dismissing the complaint.